145 N.J. Super. 159 (1976)
366 A.2d 1371
STATE OF NEW JERSEY, PLAINTIFF,
v.
GEORGE ROBINSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 18, 1976.
*161 Mr. John Kelley, Assistant Prosecutor, for plaintiff (Mr. Thomas Shusted, Camden County Prosecutor, attorney).
Mr. Bruce Robboy, Assistant Deputy Public Defender for defendant (Mr. Stanley C. Van Ness, Public Defender, attorney).
WINGATE, J.C.C., Temporarily Assigned.
This matter is before the court upon a novel issue raised upon a motion for a new trial. It is urged that certain prosecutorial comment *162 about defendant's presence during the trial and his ability to hear the State's witnesses which enabled him to "comport" his testimony to that of the State's witnesses, was in effect an infringement upon his constitutional rights under the Sixth Amendment to be present at the trial and confront the witnesses against him. This right is also assured him by N.J. Const. (1947), Art. 1, par. 10.
There appears to be no state or federal case which has considered and resolved this problem. Unfavorable comment about such prosecutorial remarks was made by way of dictum in the case of State v. Eason, 138 N.J. Super. 249, 259 (App. Div. 1975), although that case was not resolved upon this issue.
In the present case the prosecutor, in summation, made the following comment:
He was sitting here while Mr. Buniak testified. Mr. Buniak told us he used a specific mortar, a specific color in making mortar. It was kind of his trademark. When I asked Mr. Robinson about that, he said he used the same color. He had the ability to sit here and listen to the other witnesses testify and * * *
Thereupon defense counsel objected and at sidebar explained his reasons, claiming the remark infringed on defendant's right to be present at the trial. The prosecutor urged it was fair comment on the credibility of defendant. Defendant's objection was not sustained nor any instruction made by the judge to the jury, except that the prosecutor was advised not to elaborate or extend his remark any further.
After the sidebar conference the prosecutor continued his summation with the following remarks:
Excuse me, ladies and gentlemen. As I was saying, I think it's interesting to note that his story, Mr. Robinson's story, when he was testifying from the witness stand comported with the other stories that were presented in a way which I would point at and say it looks incredible to me. It doesn't look credible. It looks nonbelievable. It looks like something fabricated.
*163 It is urged that the above remarks were directed solely to the credibility of defendant's testimony which is always subject to fair comment, citing State v. Plowden, 126 N.J. Super. 228 (App. Div. 1974), certif. den. 64 N.J. 504 (1974). While that may be so (assuming there is a factual basis for such comment), this certainly cannot be a license to infringe upon fundamental constitutional rights of a defendant.
Our criminal jurisprudence is bottomed upon the basic and fundamental constitutional guarantees against self-incrimination (the right to be silent) and the right of confrontation, as contained in the Fifth and Sixth Amendments of our Federal Constitution.
State v. Deatore, 70 N.J. 100 (Sup. Ct. 1976), is indicative of the extent to which our courts are concerned about a defendant's right of silence under the Fifth Amendment "even though it might be said that the evidence of guilt was so strong that any trial error in this regard was harmless beyond a reasonable doubt." A defendant has the constitutional option of remaining silent and relying upon his presumption of innocence, or of testifying and subjecting himself to the trial hazards of a thorough but proper cross-examination. That right of silence has been zealously protected by our courts. State v. Deatore, supra; Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).
Similarly, our courts have upheld a defendant's right of confrontation and cross-examination of witnesses against him. State v. King, 112 N.J. Super. 138 (App. Div. 1970), aff'd 59 N.J. 525 (1970), Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959).
The Sixth Amendment is so fundamental in character that its recognition is required in state trials.
The Sixth Amendment right of an accused to confront the witnesses against him is * * * a fundamental right and is made obligatory on the States by the Fourteenth Amendment. [Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1968)].
*164 A trial judge's order preventing a defendant from consulting his counsel "about everything" during a 17-hour overnight recess in the trial between his direct and cross-examination "impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment." Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).
Where a defendant testified that after accidentally shooting the victim and going home, he telephoned his lawyer the next morning and was later arrested, the prosecutor in summation reviewed defendant's testimony and then said, "he says he had trouble sleeping. He gets up the next morning and lo and behold, what does he do? He calls his lawyer. These are acts of innocence? I say, ladies and gentlemen, his story is implausible, impossible, and you can judge by his own conduct, unbelievable." (Emphasis supplied). Defendant made no objection to the comment and did not request the trial judge for any instruction regarding it. It was held that there is little, if any, valid distinction between the privilege against self-incrimination under the Fifth Amendment and the right to counsel under the Sixth Amendment. Both are fundamental rights guaranteeing protected conduct in pursuance of these rights. An impingement of either is a constitutional error. In such event the test is that "there is not a reasonable possibility that it might have contributed to the conviction." Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). The state must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The court thereupon held that since the possibility of prejudicial impact was present, it was unable to conclude that the prosecutor's comment was "harmless beyond a reasonable doubt." United States ex rel. Macon v. Yeager, 476 F.2d 613 (3 Cir.1973).
To preclude a prosecutor from either commenting or attacking a defendant's exercise of his right of silence, but *165 permitting him to comment upon defendant's ability to be present while the State's witnesses testified, to the discredit and prejudice of defendant, would be a grievous anomaly circumventing the full scope and import of the Sixth Amendment's guarantees.
It is obvious from the nature of the prosecutorial comment, recited above, that the jury was told that defendant "had the ability to sit here and listen to the other witnesses testify," and later, "I think it's interesting to note that his story, Mr. Robinson's story, when he was testifying from the witness stand comported with the other stories that were presented in a way which I would point at and say it looks incredible to me." In the absence of any testimony to indicate the falsity of defendant's testimony, this comment challenging defendant's credibility was based solely on the exercise of his constitutional right of confrontation and presence. It is clearly an infringement upon defendant's constitutional rights under the Sixth Amendment and the New Jersey Constitution, Art. 1, par. 10.
While it is true that not all constitutional errors must always be deemed harmful, Chapman v. California, supra, nevertheless, such errors may not be susceptible of eradication even by prompt and vigorous admonition by a judge to the jury to disregard such improper subject matter. Despite such judicial instruction the question remains "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." State v. King and Fahy v. Connecticut, both supra.
In this matter, upon the defendant's objection to the quoted comment by the prosecutor, argument was heard at sidebar, and the transcript reveals the judge's impression of the impact of the objected comment when he said, "I don't think if I gave the jury a corrective charge it would really erase it from their minds." If that was then the immediate reaction to the force and effect of the remarks in the trial atmosphere, it now seems abundantly clear that there was not merely a reasonable possibility but rather a reasonable *166 probability that the remarks might have contributed to the conviction. This was further compounded by the subsequent prosecutorial comment after the conclusion of the sidebar conference.
It is this court's considered opinion that a defendant has a constitutional right to confront the witnesses against him and to be present in the courtroom at every stage of the trial. This right must remain inviolate and the State should not be permitted to use such a fundamental and precious right as a weapon against a defendant. Any comment or other action by the State reflecting adversely upon defendant's exercise of his right of confrontation and presence at trial may fatally vitiate beyond repair the concept of a fair trial. In this case it is deemed the remarks irreparably prejudiced defendant. Thus, this court cannot conclude beyond a "reasonable doubt" that such comment was harmless.
For the reasons stated, the motion for a new trial will be granted.