157 N.J. Super. 118 (1978)
384 A.2d 569
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GEORGE ROBINSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1978.
Decided March 14, 1978.
*119 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Dennis G. Wixted, Assistant Prosecutor, argued the cause for appellant (Mr. Thomas J. Shusted, Camden County Prosecutor, attorney).
Mr. Bruce S. Robboy, Assistant Deputy Public Defender, argued the cause for respondent (Mr. Stanley C. Van Ness, Public Defender, attorney).
PER CURIAM.
Leave having been granted the State appeals from an order of the trial court granting defendant's motion for a new trial after he had been convicted of larceny of property over $500 in value (N.J.S.A. 2A:119-2).
In a written opinion the trial judge held that certain comments by the prosecutor infringed upon defendant's right to confront the witnesses against him and thus violated his rights under the Sixth Amendment of the United States Constitution and Art. 1, ¶ 10 of the New Jersey Constitution.
During his summation the prosecutor said of defendant:
He was sitting here while Mr. Buniak testified. Mr. Buniak told us he used a specific mortar, a specific color in making mortar. It was kind of his trademark. When I asked Mr. Robinson about that, he said he used the same color. He had the ability to sit here and listen to the other witnesses testify and * * *.
Thereafter, as the trial judge's opinion recounts:
Thereupon defense counsel objected and at side bar explained his reasons, claiming the remark infringed on defendant's right to be *120 present at the trial. The prosecutor urged it was fair comment on the credibility of the defendant. Defendant's objection was not sustained nor any instruction made by the court to the jury, except the prosecutor was advised not to elaborate or extend it any further.
The prosecutor then continued his summation:
Excuse me, ladies and gentlemen. As I was saying, I think it's interesting to note that his story, Mr. Robinson's story, when he was testifying from the witness stand comported with the other stories that were presented in a way which I would point at and say it looks incredible to me. It doesn't look credible. It looks unbelievable. It looks like something fabricated.
We conclude that the prosecutor's comments did not in any way deprive defendant of his right to confront the witnesses against him or of his right to be present at his trial. Obviously he did confront these witnesses and was present at his trial. And a reasonable reading of the comments clearly reveals that they were a comment on the credibility of defendant's testimony. It is well settled that when a defendant waives his right to remain silent and takes the stand in his own defense, he thereby subjects himself to cross-examination as to the credibility of his story. And that issue would involve whether the story had been fabricated. State v. Kimbrough, 109 N.J. Super. 57, 67 (App. Div. 1970); State v. Burt, 107 N.J. Super. 390, 393 (App. Div. 1969), aff'd o.b. 59 N.J. 156 (1971), cert. den. 404 U.S. 1047, 92 S.Ct. 728, 30 L.Ed.2d 735 (1972). Here the issue of defendant's credibility was whether his testimony was tailored to that of the testimony of other witnesses, a perfectly proper inquiry.
The order granting a new trial is reversed and the judgment of conviction is reinstated.