### 36368. BROWN v. THE STATE.

BOWLES, Justice.

Tommy Lee Brown, appellant, was indicted in Putnam County for the murder of Ronnie Lee Nelson. Following a trial by jury he was found guilty of murder and sentenced to life imprisonment. Following a denial of his motion for new trial as amended he appeals to this court assigning six enumerations of error.

We affirm.

1. Enumerations numbered 1 and 2, what are generally referred to as general grounds, have not been argued by appellant nor supported by any citation of authority. Nevertheless, this court has examined the entire record in the case, and we find the evidence, when viewed in the light most favorable to the verdict, is amply sufficient to enable any rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); compare, *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. Appellant contends the trial court erred in denying his motion for new trial since the court allowed an improper juror to serve on the panel of twelve, over appellant's timely and proper objection, even though the State failed to establish that the juror had not been prejudiced by conversations with third persons who were witnesses. The record shows that after the jury was selected, they were allowed to disperse with appellant's consent until the next morning. They were specifically instructed not to discuss the case among themselves, with anyone else, or to "overhear any con-versations about it." When court reconvened the next morning appellant's counsel, with the court's permission, questioned one juror regarding her conversations with two of the State's potential witnesses. The juror stated, on oath, that she did not discuss the case with the witnesses, nor did she discuss the case with anyone else. Further she did not let anybody discuss the case with her because "the court had told her not to and she didn't." It appears that she merely spoke to two persons, telling them that she had to go to the courthouse and at the time did not know they were witnesses in

the case. No harm or unlawful conduct was demonstrated. The examination reveals a total absence of any improper activity. Because of appellant's consent to dispersal of the jury there is no burden upon the State to further demonstrate lack of harm resulting from such conduct. *Mason v. State,* 239 Ga. 538 (238 SE2d 79) (1977). Cf. *Legare v. State,* 243 Ga. 744 (257 SE2d 247) (1979) in which defendant did not consent to jury dispersal.

Additionally, counsel for appellant requested the trial court to caution the juror in an attempt to get it in her mind that she must try to be fair, regardless of what happened that morning. Thereupon the court did instruct the juror individually and appropriately, saying in part as follows: "In this particular case, . . . the court does not feel that you have heard anything or have broken the instructions which I gave you yesterday. But I ask because you were, you know, asked about it individually that you not let that fact influence your decision one way or the other in consideration of this case. It is a very important case and we just want to be very sure that nobody breaks those instructions."

Following those instructions, appellant's counsel made no further objection. Having acquiesced in the court's instructions, we conclude that he cannot now complain on appeal. See: *Tucker v. State,* 237 Ga. 777 (229 SE2d 617) (1976); *Daniels v. State,* 230 Ga. 126 (195 SE2d 900) (1973).

3. Appellant also contends that the trial court erred in failing to charge voluntary manslaughter after the State offered to recommend such a plea but withdrew its offer after appellant's acceptance. Appellant made several written requests to charge, most of which dealt with his contention that he acted in self-defense or with justification. He made no written request to charge on voluntary manslaughter. Absent a timely written request the trial court does not commit reversible error by not charging the law of a lesser included offense. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). Accord, *Bouttry v. State,* 242 Ga. 60 (247 SE2d 859) (1978).

4. Plea bargaining on behalf of a prosecuting attorney does not alter the above rule.

5. Appellant contends that the trial court erred in sentencing him to life imprisonment plus probation to be served under the supervision of the sentencing court. Offenses punishable by death or life imprisonment are expressly omitted from the provisions of the Statewide Probation Act, Code Ann. § 27-2702, et seq. Under the facts of this case Code Ann. § 27-2709 which gives the superior court the power to place individuals on probation is not applicable. Counsel for the State agree but contend that that part of the sentence complained of is mere surplusage. We conclude that it is not proper

for the trial court to attempt to retain probationary authority in these circumstances. Thus, the sentence imposed is reversed, and the matter is remanded to the trial court for resentencing with direction that this portion of the sentence be eliminated.

6. Appellant also contends that the trial court erred in not conducting a presentence hearing as mandated by Code Ann. § 27-2503. Upon conviction for murder where the death penalty is not sought, the only punishment to be lawfully imposed is that of life imprisonment. Code Ann. § 26-1101 (c). The law will not require unnecessary procedure of the trial court. Where there is a conviction for a single count of murder, Code Ann. § 27-2503 is not applicable. There is no necessity to conduct a pre-sentence hearing on the issue of punishment as the trial court possesses no discretion in such an instance.

*Judgment affirmed, but with direction that the sentence be remanded to the trial court for correction as pointed out in Division 5 above. All the Justices concur.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 5, 1980.

*Hulane E. George,* for appellant.

*Joseph Briley, District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.