A96A0372. DAVIS v. THE STATE.
(470 SE2d 520)

SMITH, Judge.

Charles Davis was found guilty by a jury of the offenses of statutory rape and child molestation. His extraordinary motion for new trial was denied, and the trial court granted his motion for this out-

of-time appeal.

1. Davis enumerates the general grounds. The evidence presented at trial showed that Davis's wife asked the victim, a 13-year-old friend, to accompany her and the Davises' baby daughter to a doctor's appointment in order to babysit with the child. The victim's mother allowed the victim to spend the night at the Davises' apartment because the appointment was early the next morning. It was difficult for the 13-year-old to get up the next morning, however, and Davis's wife permitted her to choose to stay at the Davises' apartment with their daughter instead of accompanying her to the doctor.

Davis and his wife left their home at about 6:05 a.m. Davis drove his wife to her doctor's appointment before going on to work. Davis was due at work at 7:00 a.m. He left his wife at approximately 6:40. Davis's wife returned home after her doctor's appointment, at about 10:30 a.m. When she returned home, she found the victim on the telephone; she appeared relaxed, normal, and happy. The victim remained at the Davis home until evening, when Davis's wife took her home, and never mentioned having been raped. Almost a week later, the Davises learned that the victim had accused Davis of returning home that morning and raping her before his wife returned.

The victim testified that Davis returned to the apartment at about 7:00 a.m. that day. She testified that he entered the apartment through the back door, began fondling her in the living room, then pulled her into the bedroom and raped her. Before leaving he told her: "You haven't seen me; I haven't been here." A friend of the victim's testified that the victim called her that day or the next and told her that Davis had raped her. The victim was examined by a physician approximately a week after the alleged rape, and no physical findings were found either to support or to contradict the allegations.

Davis testified and denied any sexual contact with the victim. He testified that he arrived at work at 6:55 a.m. and was at work, attending to his regular duties, at the time the victim alleged the rape took place. Co-workers testified they recalled seeing Davis at work that day, but they could not specifically recall his presence at the exact time in issue.

Although this evidence of guilt is certainly not overwhelming, the weight of the evidence is for the jury; this Court reviews only the sufficiency of the evidence. *Foster v. State*, 203 Ga. App. 328, 330 (416 SE2d 855) (1992). Here, the testimony of the victim alone was sufficient to authorize the jury to find Davis guilty of the charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations, Davis contends the State improperly commented regarding his presence at trial. The prosecutor began her cross-examination of Davis by asking him repeatedly about the fact

that Davis was present throughout the trial and was the only witness who heard all the other testimony. The defense objected on the ground that Davis had a constitutional right to be present during all testimony and that the questions were not relevant to any issue in the case. The court overruled the objection.

Davis contends this questioning was analogous to prohibited comment regarding a defendant's silence, see *Mallory v. State*, 261 Ga. 625, 629 (5), 630 (409 SE2d 839) (1991), or his representation by counsel. *Ellis v. State*, 181 Ga. App. 630, 633 (4) (353 SE2d 822) (1987). We have found no Georgia case supporting this contention, and Davis cites none. In support of this argument he relies only upon *State v. Robinson*, 366 A2d 1371 (N.J. Super. Ct. 1976), in which a New Jersey superior court held that similar comment was ground for granting a new trial.

That determination, however, was reversed by a New Jersey appellate court. *State v. Robinson*, 384 A2d 569 (N.J. App. Div. 1978). The appellate court concluded that the comments in issue were simply an attempt to show that the defendant's testimony had been "tailored to that of the testimony of other witnesses, a perfectly proper inquiry," and they were fair comment about the credibility of the defendant's testimony. Id. at 570. Here, too, the prosecutor's questioning was designed to reflect upon the defendant's credibility and allow the jury to infer that his testimony was "tailored." When a defendant chooses to testify, he must be prepared to withstand cross-examination as to his credibility. *Fugate v. State*, 263 Ga. 260, 265 (10) (431 SE2d 104) (1993). We find no error.

3. Davis maintains he was denied effective assistance of counsel on his motion for new trial because counsel on the motion did no investigation and failed to raise meritorious issues. In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984). Here, because we conclude that none of the issues pointed to by Davis has merit, we need not address either counsel's alleged failure to investigate or the issue of whether Davis's claim of ineffectiveness should have been raised by way of another motion for new trial.[1] Even if counsel had raised those issues on motion for new trial, the result would not have been affected.

(a) None of Davis's contentions regarding the charge of the court

---

[1] See *Glover v. State*, 266 Ga. 183 (2), 184-185 (465 SE2d 659) (1996); *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991).

is meritorious. Neither the charge as a whole nor the charge on reasonable doubt trivialized the trial or lessened the State's burden of proof. The court's charge on reasonable doubt has been held numerous times not to be reversible error. See, e.g., *Burgess v. State*, 264 Ga. 777, 787 (28) (450 SE2d 680) (1994).

The alibi charge given by the court was also proper. The court charged the jury that Davis's presence at the scene of the crime was an essential element, that the State had the burden of proving that presence beyond a reasonable doubt, and that if, after considering all the evidence presented at trial, including the alibi evidence, the jury had a reasonable doubt of the defendant's guilt, its duty was to acquit. Contrary to Davis's contention, the court did not charge the jury that Davis had the burden of establishing his alibi. The charge given is not burden-shifting; an almost identical charge was approved in *Ross v. State*, 192 Ga. App. 65, 68 (383 SE2d 627) (1989).

(b) The trial court's insistence upon promptness and firm control of the progress of the trial does not equate to a "rush to judgment," as urged by Davis. The cases Davis cites in support of his contention that the trial court caused jurors to surrender their honest convictions in the interest of time all pertain to curtailment of the deliberation process. That was not the case here.

(c) Davis's contention that the trial court "bullied" him into waiving complete recordation is unsupported by the record and cannot be considered.

(d) Davis argues that the combination of alleged errors and their cumulative effect must be considered. As a general rule, however, "any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error." (Citations and punctuation omitted.) *Fuqua v. State*, 183 Ga. App. 414, 420 (2) (359 SE2d 165) (1987).

Because we conclude that none of the issues Davis claims counsel should have raised is meritorious, it is apparent that Davis cannot satisfy the second element of the *Strickland* test, and a remand for a hearing in the trial court is unnecessary. *Wright v. State*, 211 Ga. App. 474, 477-478 (5) (440 SE2d 27) (1993).

4. We have reviewed Davis's remaining enumerations of error and find them completely without merit.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED APRIL 10, 1996.

*Jeffery L. Ertel*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant*

*District Attorney*, for appellee.