A01A1047. STRANGE v. THE STATE.
(552 SE2d 899)

JOHNSON, Presiding Judge.

Larry Strange challenges the sufficiency of the evidence to support his burglary conviction. He urges that the evidence showing that he was the person seen leaving the victim's yard as the burglar alarm sounded was unreliable and that, even if he was in the yard, there was no proof that he went inside the victim's house. We find that the

---

evidence was sufficient and affirm the conviction.

On appeal, the appellant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the verdict.[1] Viewed in that light, the evidence shows that a neighbor was standing outside his home around noon when he heard a burglar alarm sound at a home three or four houses away. Seconds later, he saw a man leaving the victim's yard, "walking real fast and running," and carrying a radio. The neighbor got into his car and followed the man as he walked and ran to another street. At one point, the man walked directly in front of the neighbor's car, and the neighbor was able to see the man from the side and the front. The neighbor recognized the man as Larry Strange, whom he had known "for a while." The neighbor knew this was the same man he had seen leaving the house, because the "clothes and everything" were the same. The neighbor momentarily lost sight of Strange when he "cut through" someone's yard. When Strange emerged, he no longer had the radio in his hands.

The victim testified that she had a security system installed in her home that broadcasts a loud siren when the system is activated. After receiving a call that her house had been broken into, she returned home to find that a radio and a handgun were missing.

A police officer testified that he responded to the burglar alarm and determined that it had been activated when a bathroom window in the rear of the house was broken. Police found the victim's radio and gun tucked behind some other items in a garage-type shed in a yard located across the street from the victim's home. The neighbor who followed Strange told police that he was "absolutely 100 percent positive" that the man he saw and followed was Larry Strange.

The jury was authorized to find from the evidence that Strange entered the victim's home through the bathroom window, took the gun and radio, left as the alarm sounded, and then hid the stolen items in the shed across the street. The evidence was sufficient to authorize the jury to find him guilty of burglary under the standard set forth in *Jackson v. Virginia.*[2]

Strange's position that reversal is required because the neighbor's identification of him was unreliable is without merit. Strange argues that the neighbor was too far away, that his view was obstructed by trees, and that the neighbor had not seen Strange for three years at the time the burglary occurred. We note that the neighbor testified that he saw Strange at close range as he passed the neighbor's car, and that the neighbor was absolutely positive that

---

[1] *Toney v. State*, 225 Ga. App. 228 (483 SE2d 627) (1997).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Pruitt v. State*, 217 Ga. App. 681, 682 (1) (458 SE2d 696) (1995).

the man he saw was Larry Strange. Most importantly, identity is a question for the trier of fact; where a witness identifies a defendant, the credibility of the witness making that identification is not to be decided by this Court.[3]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JULY 25, 2001.

*Billy M. Grantham,* for appellant.
*J. Brown Moseley, District Attorney, Minerva C. Blanchette, Ronald R. Parker, Assistant District Attorneys,* for appellee.

---

[3] *Marshall v. State,* 233 Ga. App. 573, 576-577 (2) (a) (504 SE2d 764) (1998).
[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).