## A02A0600. BLOUIN v. THE STATE.
(567 SE2d 39)

POPE, Presiding Judge.

John Daryl Blouin was tried by a jury and convicted of selling cocaine. He contends his trial counsel was ineffective because he did not attempt to introduce the transcript of a co-indictee's former testimony, which contained exculpatory evidence.

At trial, the State introduced only two witnesses, one of whom simply identified the contraband as cocaine. The State's main witness, Officer Todd Henderson, testified to the facts of the sting operation. He testified that he was riding in the backseat of a car driven by an unidentified, confidential informant and that a second informant, also unidentified, occupied the passenger seat. They pulled into a gas station where three men were standing, including Blouin, and Henderson told Blouin that he needed to buy some crack cocaine. Blouin spoke to Jesse Withers (a/k/a Jesse Williams) and the third man. Blouin then got into the back of the car next to Officer Henderson and directed the driver to go across the street to some apartments.

---

Withers and the other man crossed the street on foot and went behind a toolshed. After the informant parked the car, Blouin got out and also went behind the shed. A short time later, Withers reappeared and sold Henderson some crack cocaine. Henderson then radioed for help, and agents arrested both Withers and Blouin; the third man was not apprehended.

Blouin testified in his own defense and asserted that, although present, he was not involved in the sale. He admitted that a car approached him at the gas station and that he heard someone in the car say something. But, according to Blouin, Withers then entered the car on the opposite side, and the car drove off. After that, Blouin testified, he spoke with the third man about a woman for whom Blouin was looking. Blouin and the man walked toward the apartments where an acquaintance lived who, they believed, knew the whereabouts of the woman. While Blouin waited outside for the other man to get information, he again saw Withers. The third man came out without any information, and Blouin began walking back toward the gas station, when, suddenly, he was arrested. The officers did not find any drugs or drug-related objects on Blouin.

Sometime after his arrest, Withers pleaded guilty to the sale of cocaine. At the time of Blouin's arrest, Blouin was on probation arising out of another matter. At Blouin's ensuing probation revocation hearing, Withers testified under subpoena that he sold the cocaine and that it was he, not Blouin, who got in the car with Henderson and led Henderson to the apartments. He admitted that Blouin was at the gas station but said that Blouin had nothing to do with the drug sale.

Withers did not testify at Blouin's trial, and Blouin's attorney did not attempt to introduce the transcript of the probation revocation hearing. Consequently, the jury never heard the exculpatory evidence. Blouin contends that his attorney's failure to introduce the transcript constitutes ineffective assistance of counsel and that he was harmed as a result.

"To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000). See also *Strickland v. Washington*, 466 U. S. 668, 691 (III) (B) (104 SC 2052, 80 LE2d 674) (1984). The issue is a mixed question of law and fact; therefore, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs*, 272 Ga. at 88 (4).

Blouin's trial counsel testified at the motion for new trial hearing that he had kept up with Withers' location in order to subpoena him to testify, but that, six days before trial, he learned that Withers

had absconded after being released from prison and placed on parole. Blouin's attorney testified that there was a warrant for Withers' arrest and that he had no other information about Withers' whereabouts. He testified that he was aware that Withers had given the exculpatory statement at the probation revocation hearing, but that he "just didn't think about" introducing the transcript of that testimony at Blouin's trial. He admitted that not using the transcript was not a part of his trial strategy. He said that he could have gotten the transcript from the hearing but that he did not consider it.

The trial court held:

> Counsel's failure to utilize the transcript of the probation revocation hearing may have been an error on his part; however, the court finds that this does not fall outside of the wide range of reasonable professional conduct, and there is no reasonable probability that it would have produced a different result due to the evidence against Defendant.

Blouin's sole defense was that he was not in the car involved in the transaction, but rather outside of the car and uninvolved. Officer Henderson was the only witness to testify that Blouin was the person who got in the car. Withers' testimony was easily available evidence that could corroborate Blouin's sole defense that he was not that person. Blouin's attorney was aware that Withers had absconded. He was also aware of the testimony from the earlier hearing but simply did not consider obtaining it. Withers' testimony was directly relevant and directly supported Blouin's defense. The attorney's failure was the equivalent of simply forgetting to call a key witness. We hold that this failure falls below the standard of care. Although the range of professional assistance considered reasonable is wide, this failure falls outside of that range.

Counsel did not decide not to use the evidence, but simply forgot to consider it. This simple fact distinguishes all cases involving a strategic decision on whether to present certain witnesses or evidence. See *Adams v. State*, 217 Ga. App. 532, 533 (2) (458 SE2d 171) (1995) (it is only in the absence of testimony to the contrary that counsel's actions are presumed strategic).

Finally, Blouin must show that but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. *Strickland*, 466 U. S. at 694 (III) (B). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. See also *Kimmelman v. Morrison*, 477 U. S. 365, 374 (II) (A) (106 SC 2574, 91 LE2d 305) (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution

that the trial was rendered unfair and the verdict rendered suspect.") (citations omitted).

"In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). The transcript from the probation revocation hearing was introduced at the hearing on the motion for new trial. It contains Withers' testimony exonerating Blouin.

This case involved the simple question of whether Officer Henderson correctly identified Blouin as the person in the car. Withers testified that he was that person, not Blouin. The jury never heard that testimony. The State contends that because Withers is an admitted felon, his testimony is unreliable. But, for the purpose of determining the second prong of the *Strickland* test in this case, that is irrelevant. "[I]dentity is a question for the trier of fact; where a witness identifies a defendant, the credibility of the witness making that identification is not to be decided by this Court." (Footnote omitted.) *Strange v. State*, 250 Ga. App. 735, 737 (552 SE2d 899) (2001). See also *Walton v. State*, 272 Ga. 73, 74 (3) (526 SE2d 333) (2000) (where prior testimony satisfies OCGA § 24-3-10 it is inherently reliable); *Livingston v. State*, 268 Ga. 205, 210 (2) (486 SE2d 845) (1997) (out-of-court statements which fall within firmly rooted hearsay exception satisfy constitutional requirement of reliability). It follows that the credibility of one contradicting an identification is also a question for the jury. We hold that there is a reasonable probability that the outcome of the trial would have been different if Withers' testimony had been presented.[1]

*Judgment reversed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 13, 2002.

*Michael A. Zoffmann, Jay L. Palmer*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Irvan A. Pearlberg, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[1] We disagree that there is a serious question as to whether Withers would have been considered unavailable so that his prior testimony could have been admitted. See OCGA § 24-3-10.