## A03A1125. ROBERTS v. THE STATE.
### (585 SE2d 920)

PHIPPS, Judge.

A jury found David Edward Roberts guilty of aggravated assault, armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He appeals, claiming that his trial counsel was ineffective for failing to investigate potential alibi witnesses and pertinent telephone records. Because the record does not support Roberts's claim, we affirm.

The charges against Roberts arose from the robbery of a pawnshop. The State's evidence showed that a man entered the pawnshop, approached co-owner Paula Quarles at the counter, pulled out a shotgun, and ordered her into the office at the back of the store. Inside the office, the man pointed the gun at Paula's husband, James Quarles, and demanded money. The man left the office with a cash box, and James Quarles followed him out of the store. The man shot James in the leg, and then fled into nearby woods.

The police found the shotgun, which was identified by serial number and traced to Gerald McKenna. At trial, McKenna testified that on the day of the robbery, he bought the shotgun and later drove to the pawnshop with Roberts and a third man, Frank Ross. Ross testified that Roberts got out of the car with the gun "to rob somebody." Paula and James Quarles identified Roberts as the man who had robbed them.

After trial, Roberts obtained a new lawyer, who moved for a new trial on the basis of ineffective assistance of trial counsel. After a hearing, the trial court denied the motion.

To establish a claim of ineffective assistance of trial counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[1] We review for clear error a trial court's finding that counsel was effective.[2]

---

[1] *Gadson v. State*, 252 Ga. App. 347, 351-352 (11) (556 SE2d 449) (2001).
[2] Id. at 352.

Roberts claimed that counsel should have hired an investigator to interview his neighbors, whom he was helping at the time of the robbery. The attorney, however, testified that she "went up and down the street" and "talked to the neighbors," but they "had no idea what time or even remotely what time" Roberts had assisted them.[3] Roberts, on the other hand, presented no evidence about how his neighbors, if subpoenaed, would have testified. He also complained that his attorney failed to obtain copies of certain telephone records, but he did not identify those records or explain what they would have shown. Thus, Roberts failed to show either that counsel's performance was deficient or that any deficiency prejudiced his defense.[4]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 31, 2003.

*Brenda J. Bernstein*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

---

[3] Although Roberts testified that his attorney told him that the neighbors had moved and she did not have time to look for them, the trial court was entitled to find the attorney's account more credible. See *Blouin v. State*, 255 Ga. App. 788, 789 (567 SE2d 39) (2002).

[4] See, e.g., *Gadson*, supra at 352 (11) (c); *Hall v. State*, 243 Ga. App. 804, 806 (534 SE2d 196) (2000); *Kelly v. State*, 238 Ga. App. 691, 695 (2) (520 SE2d 32) (1999).