## A03A1364. FRAZIER v. THE STATE.
(587 SE2d 173)

BARNES, Judge.

A jury convicted Michael Frazier of armed robbery, hijacking of a motor vehicle, and obstruction of a police officer, and the trial court sentenced him to 20 years in jail and 15 more on probation. He appeals, contending that the evidence was insufficient; that the trial court erred in sustaining the State's hearsay objection during a defense witness's testimony and allowing the State to ask questions about Frazier's prior conviction; and that his trial counsel's assistance was ineffective. For the reasons that follow, we affirm the convictions.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the evidence at trial established that a taxi driver picked up Frazier and another man at a service station one Saturday around 5:00 p.m. He drove the two men to a building in an apartment complex less than half a mile away, and Frazier said he did not have the $3.68 fare, so he got out and went in an apartment to obtain some money. He returned, got into the back seat, and began talking to his companion about being a dollar short on the fare, then reached over the back of the front seat and stuck a gun into the driver's back. The driver turned and made eye contact with Frazier, who asked for the driver's money. After placing the money, about $105 and a lucky gold-colored coin, within Frazier's reach, the driver got out of the car pursuant to Frazier's instructions; Frazier and his companion then crawled into the front seat and drove off.

The driver then called 911 and described his missing taxicab as well as the two men. A police officer came to the scene to interview the victim, and another officer, who was also responding to the armed robbery call, saw the taxi abandoned at a nearby service station. After the officer stopped to investigate, he saw two individuals matching the description of the robbers walking away on the other side of the street. A third officer drove toward the location where the suspects were headed, spotted them, got out of his car, and ordered them to stop. One of the two stopped, but Frazier began running. The officer chased him about 200 yards, across a creek, up an embankment, and over a couple of fences, then required assistance from a nearby resident to handcuff Frazier. Frazier had about $123 in his pocket, along with a gold-colored coin. The officers took Frazier and his companion back to the taxi, where the driver identified them as the men who had robbed him and stolen his car, and also identified the gold coin as his.

1. We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Frazier guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Frazier contends that the trial court erred in sustaining the State's hearsay objection after he asked his alibi witness whether he told her he was supposed to return to her house the evening of the robbery. He argues that the testimony was admissible to explain his conduct.

> The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question. Hearsay testimony may be admitted for the purpose of explaining conduct.

(Citations omitted.) *White v. State*, 208 Ga. App. 885, 888 (3) (432 SE2d 562) (1993). In this case, however, the witness was not going to testify about hearsay that explained her conduct; she was going to testify that Frazier told her he was coming back to her house later that evening, a fact that is irrelevant to the issue of whether Frazier committed these crimes. Further, "[t]he scope of cross-examination is within the sound discretion of the trial court, and in the absence of an abuse thereof, will not be disturbed by this Court." (Punctuation and footnote omitted.) *Leggon v. State*, 249 Ga. App. 467, 471 (3) (549 SE2d 137) (2001). We find no such abuse here.

3. Frazier contends his trial counsel gave ineffective assistance because (a) he failed to move to suppress the showup identification; (b) he failed to impeach the police officer; (c) he failed to object to the officer's testimony that the money in Frazier's pocket belonged to the victim; (d) he failed to perfect a proffer after the trial court sustained an objection to Frazier's attempts to testify about testimony given at his bond hearing; and (e) he failed to object to the State's questions about Frazier's prior conviction.

> In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

(a) Frazier contends that his trial counsel was ineffective for failing to move to suppress the victim's identification of him at a one-on-one showup. "Although one-on-one show-ups have been sharply criticized, and are inherently suggestive, the identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure." *Jefferson v. State*, 206 Ga. App. 544, 546 (2) (425 SE2d 915) (1992). In evaluating the likelihood of misidentification, we consider factors such as the witness's opportunity to look at the criminal at the time of the crime,

the witness's degree of attention, the accuracy of the witness's earlier description of the criminal, the witness's level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation. *Ellis v. State*, 215 Ga. App. 40, 42 (1) (449 SE2d 882) (1994).

In this case, Frazier's trial counsel testified that he thought a motion to suppress would have been unsuccessful because the victim's identification of Frazier was not based solely on the showup but also on the victim's independent recollection. While the attorney said he tried everything he "could to get that cab driver to admit that he couldn't possibly have seen [Frazier] well enough or long enough to make an identification," each time the driver came up with a better acknowledgment that Frazier was the perpetrator. Further, trial counsel asked for and received a jury charge on identification, and argued the point to the jury in closing. "[I]t is clear that trial counsel made a strategic choice not to attempt to suppress the identification evidence, but instead to attack the identification testimony on cross-examination." *Clay v. State*, 232 Ga. App. 656, 657 (1) (a) (503 SE2d 560) (1998). Frazier's claim of ineffective assistance on this ground is without merit.

(b) Frazier next contends that his trial counsel was ineffective for failing to impeach one of the police officers with a copy of the preliminary hearing transcript. The officer testified at trial that Frazier had a gold coin in his pocket that the victim identified as belonging to him, but testified at the preliminary hearing that he found paper money in Frazier's pocket and change in the co-defendant's backpack.

Trial counsel testified at the new trial hearing that he was retained, not appointed, counsel, and as such that Frazier would have had to pay the cost of the preliminary hearing transcript. While counsel wanted to obtain a copy of the transcript, Frazier said he did not have the money either for the transcript or for the rest of trial counsel's fee. Not obtaining the transcript was Frazier's decision, not his lawyer's, and Frazier presented no evidence contradicting this testimony. "Even if he is represented by an attorney, the attorney 'is still only an assistant to the defendant and not the master of the defense.' [Cit.]" *Morrison v. State*, 258 Ga. 683, 686 (3) (373 SE2d 506) (1988) (trial counsel not ineffective for following defendant's wishes and arguing for imposition of the death penalty). Unlike the situation in *Blouin v. State*, 255 Ga. App. 788 (567 SE2d 39) (2002), in which trial counsel simply forgot to introduce the transcript of a co-indictee's testimony containing exculpatory evidence, in this case retained trial counsel unsuccessfully attempted to obtain payment for the preliminary hearing transcript from his client. We cannot say that the trial court erred in finding that Frazier's trial counsel was not ineffective based on this argument.

(c) Frazier argues his trial counsel was ineffective for failing to object to the officer's testimony that the money in Frazier's pocket belonged to the victim. While describing a statement relating to a photograph, the officer testified that it "describes the money that I retrieved from the defendant's pocket, which is in fact the victim's cab money of the fares that he made that day." "Because the jury is the trier of fact, witnesses are generally not allowed to express their opinion as to ultimate issues involved in the case, as this is the province of the jury." *Maxwell v. State*, 262 Ga. 73, 76 (5) (414 SE2d 470) (1992), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). In this case, the conclusion that the money in Frazier's pocket belonged to the victim was such an opinion. While Frazier's trial counsel testified at the motion for new trial hearing that he thought such an answer was objectionable, but he did not remember the issue coming up, he also testified that he did not object at trial to everything he possibly could because, among other reasons, it makes the lawyer look bad to the jury. Even assuming this failure of counsel constituted deficient performance, Frazier has not shown that the result of the trial would have been different but for this deficiency. Considering the overwhelming evidence against Frazier, we conclude that the trial court did not err in finding that Frazier's trial counsel was not ineffective for failing to object to the police officer's opinion testimony. *Williams v. State*, 219 Ga. App. 167, 170 (2) (464 SE2d 404) (1995).

(d) Frazier contends his trial counsel was ineffective for failing to perfect the record after the trial court sustained the State's objection to Frazier's attempt to testify about the arresting officer's testimony at a hearing that the officer found coins in the co-defendant's backpack and paper money in Frazier's pockets. On cross-examination, the State asked Frazier how the gold coin got into his pocket, and Frazier responded, "No. What I said was another — I had intended on saying earlier today when you objected to that also, I had a pretrial bond hearing." The State objected, and when trial counsel attempted to respond for the record, the trial court stopped him and said he could perfect the record later on but they were not going to get into what happened at a bond hearing. Trial counsel subsequently failed to perfect the record regarding Frazier's attempt to testify about what the arresting officer said at a bond hearing.

"[A]ppellant makes no contention that the State's hearsay objection was erroneously sustained," *Stephens v. State*, 264 Ga. 761, 763 (7) (450 SE2d 192) (1994), arguing only that his trial counsel failed to make a proffer. It is not enough to show that counsel did not perfect the record; Frazier must show that this failure affected the presentation of his defense, by showing that the trial court erred in sustaining the State's objection. "The burden is upon appellant to show affirma-

tively not only error but that it was harmful. [Cit.]" *Brinson v. State*, 191 Ga. App. 151, 154 (5) (381 SE2d 292) (1989). Because Frazier has failed to show that the evidence he was unable to present was admissible, his trial counsel's failure to perfect a proffer does not establish ineffective assistance of counsel.

(e) Finally, Frazier asserts his trial counsel was ineffective for failing to object to the State's questions about Frazier's prior conviction. Frazier testified that he ran from the police because he was on probation for a "nonviolent offense, a misdemeanor . . . unauthorized use of a motor vehicle," and any type of arrest could have resulted in his being found in violation of probation. On cross-examination, the State questioned Frazier about whether the offense was really a misdemeanor because he had received a sentence of three years on probation. Trial counsel objected to the questioning as argumentative and the trial court overruled the objection, after which the State thoroughly questioned Frazier about the circumstances of his prior conviction. Similarly, Frazier contends that his trial counsel was ineffective for failing to object to the State's asking a defense witness whether she knew Frazier was a convicted felon.

Frazier opened the door to this line of questioning when he testified why he ran from the police officer, and his trial counsel testified at the motion for new trial hearing that the two of them made a strategic decision to admit that Frazier ran and explain why. Because Frazier elected to initiate the issue of his prior conviction, the prosecution was authorized to further explore that area. *Jordan v. State*, 267 Ga. 442, 447 (4) (480 SE2d 18) (1997). The trial court did not err in concluding that Frazier did not establish that his trial counsel was ineffective on this ground.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 29, 2003.

*Maria B. Golick, John R. Greco*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.