# Court of Appeals
# of the State of Georgia

ATLANTA,  February 01, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0893. DAVID EDWARD ROBERTS v. THE STATE.**

In 1998, a jury found David Roberts guilty of aggravated assault, armed robbery, and two firearm offenses. The trial court imposed a sentence of life in prison for the armed robbery conviction, to be followed by a total of 15 years in prison and 15 years on probation for the remaining convictions. This Court affirmed Roberts's judgment of conviction in 2003. *Roberts v. State*, 262 Ga. App. 629 (585 SE2d 920) (2003).

In 2023, Roberts filed a motion to vacate void sentences, arguing that: (i) the trial court erred by (a) imposing a sentence of life in prison followed by probation — which, Roberts claims, violates constitutional separation-of-powers principles — and (b) using a 1978 armed robbery conviction — which, Roberts claims, the court impermissibly deemed a "capital offense" — for impeachment purposes and in aggravation of his current sentence; and (ii) his trial counsel rendered ineffective assistance by failing to understand Georgia sentencing law. The trial court summarily denied Roberts's motion, and he filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted).

When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Armed robbery is punishable by, inter alia, "imprisonment for life or by imprisonment for not less than ten nor more than 20 years." OCGA § 16-8-41 (b). Roberts's sentence of life in prison for his armed robbery conviction thus is not void, because it falls within the statutory range of punishment for that offense, regardless of whether the trial court deemed it or a prior armed robbery conviction a "capital offense."[1]

The only authority Roberts cites in support of his claim that imposing a term of life in prison followed by a term of probation violates separation-of-powers principles and renders his total sentence void — *Brown v. State*, 246 Ga. 251 (271 SE2d 163) (1980) — does not support his argument. In *Brown*, the Supreme Court held that a court could not impose a term of probation following a sentence of life in prison for a murder conviction because offenses that are punishable by death or life imprisonment are ineligible for probation. Id. at 252-253 (5). Here, however, the trial court did not impose a probationary sentence for Roberts's armed robbery conviction. It rather imposed a term of probation for Roberts's convictions for aggravated assault and two firearm offenses, to be served consecutively to his sentence of life in prison for armed robbery. The Supreme Court's decision in *Brown* thus does not render Roberts's sentence here void.

Roberts's claims regarding improper impeachment and aggravation of sentence pertain only to his underlying convictions and the trial court's discretion in imposing

---

[1] Roberts does not contend that the individual sentences entered for his non-armed robbery convictions are outside the statutory ranges of punishment.

sentence, and have no bearing on whether the sentence imposed falls within the statutory limits. Moreover, absent any colorable claim that his sentence is outside the statutory time period, Roberts's contention that his trial counsel rendered ineffective assistance is irrelevant to his void-sentence claim. And absent a colorable void-sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 349.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__02/01/2024_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*