## A01A1786. GADSON v. THE STATE.
### (556 SE2d 449)

MIKELL, Judge.

Following a jury trial, Rolando Gadson was convicted for the sale of a controlled substance.[1] On appeal, he contends that the evidence was insufficient to support his conviction, that the trial court erred in a number of rulings, and that he received ineffective assistance of counsel. We find that these claims have no merit, and for the reasons set forth below, we affirm.

---

[1] Gadson was tried and found guilty on January 26, 1993. On December 1, 1997, the trial court granted him leave to file an out-of-time motion for new trial. An order denying Gadson's motion for new trial was entered on February 23, 2001.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[2] So viewed, the evidence shows that an undercover Chatham County police officer went to a residence at 306 West 32nd Street in Savannah to buy cocaine. The officer found an elderly man sitting on the porch, and she asked him for a "twenty." The man did not understand her, but soon a younger man appeared at the door and asked the detective what she needed. The young man went back inside the house and reappeared with Gadson, who sold the officer three pieces of crack cocaine for $20. No arrests were made that evening.

The following day, based on the undercover purchase of cocaine, police obtained and executed a search warrant for 306 West 32nd Street. Police encountered Troy Williams standing in the front doorway and found Gadson sleeping in a back bedroom. They also found what appeared to be two pieces of crack cocaine and two pipes in the dining room. Gadson and Williams were detained by the police and photographed. The undercover officer examined the photographs of the two men and identified Gadson as the man who sold her the cocaine; the officer had not seen Williams on the night of the sale. At trial, the purchasing officer identified Gadson. The state produced expert testimony that the substance the officer received from Gadson was cocaine.

1. In his first enumeration of error, Gadson claims the jury verdict was against the weight of the evidence. The standard of review is whether, after viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] Inasmuch as the undercover officer identified Gadson as the man she bought cocaine from both by photograph and at trial, we find the evidence was sufficient to support Gadson's conviction.

2. Gadson claims the state failed to comply with his discovery requests by failing to produce a crime lab report until the day of trial. He asserts that the evidence associated with the report should have been suppressed. The state prepared two crime lab reports. The first report was prepared in connection with the cocaine purchased by the undercover officer, and this report was served on Gadson's counsel several months before trial. The second crime lab report, which was prepared in connection with the evidence seized during the execution of the search warrant, was given to defense counsel on the day of trial. The trial court ruled that no evidence could be admitted in con-

---

[2] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

[3] See *Robinson v. State*, 263 Ga. 424 (1) (435 SE2d 207) (1993).

nection with the second lab report and subsequently directed a verdict in favor of Gadson on the charge of possession of a controlled substance. However, as the state complied with discovery with respect to the first lab report, the failure to timely deliver the second report to defense counsel does not affect Gadson's conviction for the sale of a controlled substance.

3. Gadson claims the trial court erred in granting the state's motion in limine to bar defense counsel from referencing the state's failure to call Williams as a witness. Our Supreme Court has provided that "[w]hile no legal presumption may arise from the failure to introduce certain witnesses, it is proper for opposing counsel to draw an inference of fact from such failure and comment on the failure to the jury when there is competent evidence before the jury that the missing witness has knowledge of material and relevant facts."[4] There is, however, no competent evidence that Williams was present when the drug buy occurred. The undercover officer indicated she did not recognize Williams from her visit to 306 West 32nd Street; Williams told police after the execution of the search warrant that he did not live at that address; and Gadson's defense was that he was in South Carolina on the date of the sale. Accordingly, there was no inference raised by the state's failure to call Williams insofar as it pertained to the offense of sale of a controlled substance. Despite the trial court's ruling prohibiting defense counsel from referencing the state's failure to produce Williams, Gadson's counsel argued to the jury that Williams "didn't come to court" and that Williams sold drugs. Therefore, Gadson cannot show harm even if the trial court was in error in granting the state's motion in limine.

4. Gadson claims the trial court erred by not dismissing all charges against him because no probable cause existed for his arrest. "Probable cause exists if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense."[5] Gadson points to the exclusion of the crime lab report to support his argument that no probable cause existed for his arrest. However, when the police executed the search warrant they found a substance which appeared to be cocaine and which a field test showed to be cocaine. Gadson admitted to living at the address. The subsequent suppression of the crime lab results with respect to the items seized during the execution of the search warrant has no bearing on whether the police had proba-

---

[4] (Emphasis omitted.) *Morgan v. State*, 267 Ga. 203, 205-206 (3) (476 SE2d 747) (1996).
[5] (Punctuation omitted.) *State v. Tyson*, 273 Ga. 690, 693 (3) (544 SE2d 444) (2001).

ble cause to arrest Gadson immediately following the execution of the search warrant. The trial court did not err in denying Gadson's motion to dismiss on the basis of failure to establish probable cause for his arrest.

5. Gadson claims the trial court erred in denying counsel's motion to dismiss on the grounds that the search warrant did not sufficiently identify Gadson as the person to be seized.[6] We disagree. The search warrant was issued for the search of the premises at 306 West 32nd Street on the belief that controlled substances would be present. As the warrant allowed police to identify with reasonable certainty the place to be searched, it was not inadequate.[7]

6. Gadson claims the trial court erred in overruling his objection, on the grounds of hearsay, to the testimony of Detective Hayes that a photograph of Williams was shown to the undercover officer. However, Hayes testified that this statement was based on personal knowledge, and the undercover officer testified that she had been shown a photograph of Williams. We find no error.

7. Gadson argues that the trial court erred in refusing to allow him to introduce certified copies of Williams's prior convictions to show Williams's propensity to commit crimes. Williams was not called as a witness, and so the convictions were not admissible for purposes of impeachment. Williams's criminal history was not otherwise relevant, and irrelevant matters should be excluded.[8] The trial court acted properly in refusing to allow the prior convictions into evidence.

8. After Gadson was detained during the course of the execution of the search warrant, he told the police that he lived at that residence with his wife and daughter. The police officer who questioned Gadson concerning where he lived did not write the statement down or make the prosecution aware of the statement, and the statement was not provided to defense counsel before trial. Gadson claims this communication was a statement made in custody which must be provided to the defense counsel upon timely request; that the statement was not provided to counsel; and that the statement accordingly should have been excluded from evidence.[9] The state does not dispute that Gadson was in custody when he made the statement. The record

---

[6] See OCGA § 17-5-21.

[7] Compare *Vaughn v. State*, 141 Ga. App. 453, 454 (233 SE2d 848) (1977).

[8] OCGA § 24-2-1.

[9] See *Talley v. State*, 251 Ga. 42-43 (302 SE2d 355) (1983). This case was tried while OCGA § 17-7-210 was in effect. "OCGA § 17-7-210 (c) [unlike its successor OCGA § 17-16-6] mandated exclusion upon the State's failure to comply with a defendant's timely written request for a copy of his oral or written statement." *Marshall v. State*, 230 Ga. App. 116, 118 (2), n. 2 (495 SE2d 585) (1998).

indicates he had been arrested and advised of his *Miranda* rights before being asked where he lived.[10] Nevertheless,

> reversal is not required when the State fails to disclose a defendant's statement which on its face is not directly incriminating or inculpatory but becomes so only as a result of a defense theory developed at trial. In other words, if the statement is not per se inculpatory or incriminating, the failure of the State to divulge the statement to defendant prior to trial does not constitute reversible error.[11]

We find that Gadson's statement to police regarding his place of residence was not per se inculpatory and a reversal of Gadson's conviction is not authorized even if, as he contends, his in-custody statement to police should have been disclosed to defense counsel before trial.

9. Defense counsel objected to the introduction into evidence of the cocaine purchased by the undercover officer. Gadson claims the trial court erred in admitting the evidence because the officer testified to having purchased three pieces of a substance while the tendered evidence contained more than three pieces. However, the witness from the crime lab explained that he broke off a piece for testing and that the substance was prone to breaking into smaller pieces. Testimony establishes the chain of custody from the purchase of the tendered substance by the undercover officer, its delivery to and receipt by the crime lab, and its presence in court. Any discrepancy in the testimony of the undercover officer and the witness from the crime lab would go to weight and credibility and would not preclude the admission of the cocaine into evidence.[12] The trial court did not err in overruling defense counsel's objection to the admission of the cocaine.

10. Gadson claims the trial court erred in denying defense counsel's motion to dismiss on the grounds that the state failed to prove venue. The record shows that the undercover purchase occurred in Chatham County, and so this claim is without merit.

11. Gadson claims that he received ineffective assistance of counsel because his trial counsel (a) failed to make a motion to suppress photographs used to identify him, (b) did not subpoena his alibi witnesses, (c) did not spend sufficient time in preparing and investigating his case, and (d) failed to challenge his sentence. To establish a claim of ineffective assistance of counsel at trial, a defendant must

---

[10] See *Rhode Island v. Innis*, 446 U. S. 291, 301 (100 SC 1682, 64 LE2d 297) (1980).

[11] *Dawson v. State*, 203 Ga. App. 146, 147 (1) (416 SE2d 125) (1992).

[12] See *Gosier v. State*, 241 Ga. App. 384, 386 (1) (526 SE2d 890) (1999).

show that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[13] The standard of review of the trial court's determination of the effectiveness of counsel is whether the trial court's findings are clearly erroneous.[14]

(a) Gadson claims his counsel was ineffective in failing to make a motion to suppress the photographs used to identify him. Failure to file a motion to suppress is not per se ineffective assistance of counsel; Gadson must make a strong showing that if trial counsel had made a motion to suppress, damaging evidence would have been suppressed.[15] The record shows that the undercover agent who made the cocaine sale was shown two photographs the day after the drug purchase. From the photographs, she identified Gadson as the man who made the sale. The agent identified Gadson in court. We find nothing showing that the agent's identification of Gadson from the photographs was impermissibly suggestive or that there was a substantial likelihood of irreparable misidentification.[16] Accordingly, the trial court did not err in ruling that counsel was not ineffective for failure to request the suppression of the photographs used to identify Gadson.

(b) Gadson claims his trial counsel rendered ineffective assistance because he did not call alibi witnesses who would have testified that Gadson was in South Carolina on the day the crime occurred. However, Gadson never proffered evidence at his motion for new trial showing that these alibi witnesses would have actually so testified had they been subpoenaed.[17] Having failed to present more than his bare assertions that the witnesses could have supported his alibi defense, Gadson cannot show his counsel was ineffective in failing to call them.[18]

(c) Gadson maintains that his trial counsel did not prepare for or investigate his case properly. However, trial counsel's testimony at the motion for new trial shows that he did prepare for Gadson's trial and that he interviewed potential witnesses. We find no basis for overturning the trial court's decision that Gadson's trial counsel was not ineffective on the grounds of lack of preparation or investigation.

(d) Gadson claims his trial counsel was ineffective for failing to challenge the imposition of a life sentence under the then applicable provisions of OCGA § 16-13-30 (d). However, he fails to show how

---

[13] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[14] See *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

[15] See *Mayes v. State*, 229 Ga. App. 372, 373 (1) (494 SE2d 34) (1997).

[16] See *Gravitt v. State*, 239 Ga. 709, 710 (4) (239 SE2d 149) (1977).

[17] Compare *Richardson v. State*, 189 Ga. App. 113 (375 SE2d 59) (1988).

[18] See *Hall v. State*, 243 Ga. App. 804, 806 (534 SE2d 196) (2000).

such a challenge could be successfully made. The trial court did not err in failing to find trial counsel ineffective on this basis.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 7, 2001.

*Orin L. Alexis*, for appellant.

*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney*, for appellee.