### A02A1892. LOWE v. THE STATE.
(578 SE2d 284)

SMITH, Chief Judge.

Keith Lowe was convicted by a jury on one count each of rape, aggravated assault, and burglary. Following the denial of his amended motion for new trial, he appeals. Lowe challenges the sufficiency of the evidence and contends he was denied effective assistance of counsel. We find no reversible error, and we affirm.

1. Lowe contends that the evidence was insufficient to support the verdict and that the verdict was against the weight of the evidence. We do not agree.

Construed in favor of the verdict, the victim testified that after she placed her three children in bed and fell asleep herself, she was awakened by Lowe. He had his hand around her neck and told her "to shut up before he killed me." She stated that Lowe, whom she knew as "Kilo," did not have her permission to be inside her home. He threw her down onto the couch, pulled her pajamas and underwear down, and had sexual intercourse with her, all the while keeping his

---

hand around her neck. She testified that she did not consent to this behavior. The victim was "absolutely positive" of Lowe's identity. After Lowe left the victim's residence, she used a neighbor's telephone to call the police. While the victim was being transported by the police to the hospital, she saw Lowe walking along the street approximately two miles from her home. She identified him as her assailant to the detective driving the car, and Lowe was immediately arrested. She was "absolutely sure that the man she pointed out" was the man who had been inside her apartment.

On appeal from a criminal conviction, we do not weigh the evidence or determine witness credibility; rather, we only determine whether the evidence is sufficient to convict a defendant under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Wilhelm v. State*, 237 Ga. App. 682 (516 SE2d 545) (1999). The evidence must be construed in favor of the jury's verdict, and as long as some competent evidence is presented to support each fact necessary to the State's case, even if the evidence is contradicted, "the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Citation omitted.) Id. Although Lowe presented an alibi defense and denied any wrongdoing, some evidence of Lowe's guilt was presented through the victim's testimony. Her testimony alone was sufficient to convict Lowe of the crimes charged. See *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002).

2. Lowe argues that he was denied effective assistance of counsel because trial counsel failed to request DNA testing, failed to request a *Jackson-Denno* hearing, and failed to request a jury charge on identification.

We first note that following Lowe's conviction, new counsel was appointed to represent him in post-trial proceedings. Lowe's newly appointed counsel filed a motion for new trial in January 1995, but the hearing on the motion was not held until approximately seven years later, after Lowe himself wrote the trial judge a letter stating that the motion had not been set for hearing.[1] We are troubled by this shockingly lengthy delay, and we find it inexcusable. Nevertheless, delay in the pursuit of post-conviction relief is not the standard for determining whether a defendant was denied effective assistance *at trial*. To sustain a claim that trial counsel rendered ineffective assistance, an appellant must establish that trial counsel's performance

---

[1] The attorney appointed to represent Lowe shortly after his conviction and who continues to represent Lowe on appeal stated during the hearing on Lowe's motion that after he was appointed, he talked with Lowe and "got the impression" that Lowe "didn't think an appeal would do any good. So I didn't pursue the motion for new trial." He acknowledged that he did not dismiss Lowe's motion for new trial following this discussion but "simply filed it and let it lie."

was deficient and show a reasonable probability that, but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Coggins v. State*, 275 Ga. 479, 481 (3) (569 SE2d 505) (2002). Lowe has failed to meet both prongs of this standard. Consequently, although we deplore the great delay occasioned by counsel's failure to pursue Lowe's motion for new trial, we are constrained to conclude that Lowe has shown no basis for reversal on the ground that trial counsel was ineffective.

We first address Lowe's contention that trial counsel was ineffective for failing to request DNA testing. Counsel testified during the hearing on Lowe's motion for new trial that he made the strategic decision not to request DNA testing because a positive result "absolutely" would have been fatal to Lowe's case. Furthermore, he testified that "when the government didn't run their DNA test, I thought it gave us something to play with with the jury." He cross-examined some of the State's witnesses at trial concerning the failure to conduct DNA testing and pointed out to the jury during closing argument the State's failure to conduct scientific tests. Counsel's decision on this matter was one of trial tactics and does not provide a basis on which to find that his representation was deficient. See *Scott v. State*, 275 Ga. 305, 308 (6) (565 SE2d 810) (2002).

Lowe argues that trial counsel's failure to request a *Jackson-Denno* hearing concerning his in-custody statement constituted ineffectiveness because he "was aware that [Lowe] had an I.Q. of 67, with motor skills of an eight and a half year old and has trouble adjusting to society."[2] Lowe contends that allowing a statement of a suspect with his "mental capacity" constitutes "clearly defective representation and would have changed the outcome of a trial had it been properly challenged." According to the officer who interviewed Lowe, Lowe stated that he had been inside the victim's residence a few days before the alleged incident, that "he had sold dope for either her husband or boyfriend," and that "he did not rape anybody, that the victim was a rock star, that if he had wanted to have sex with her he would have given her some rock cocaine or he would have given her twenty dollars and she would have freely given it up to him."[3]

Reversal on this basis is not required. Evidence presented at trial shows that Lowe's *Miranda* rights were recited to him before he

---

[2] The psychological evaluation ordered by the trial court recited that Lowe was "within the mild range of mental retardation" and that his judgment was "grossly impaired." It also recited, however, that during the psychological examination, Lowe's "[s]peech was relevant and coherent," he "was attentive and cooperative," and he "was fully in touch with reality."

[3] This witness explained that a "rock star" is a "[c]ocaine addict, rock cocaine, person who does rock cocaine."

made the statement, that he made it without being threatened or coerced and without being promised any hope of benefit, and that he understood his rights and stated he "didn't need a d— attorney at that time." Also, the statement was exculpatory with respect to the charges in this case, and trial counsel testified that he wanted the jury to hear it. This tactical decision did not equate with ineffective assistance, see *Scott*, supra, and given the exculpatory nature of the statement, Lowe has not shown harm by its admission.

Finally, we address Lowe's argument that counsel was ineffective for failing to request an identification charge. During the hearing on Lowe's motion for new trial, counsel agreed that identification was an issue at trial and that his failure to request a charge on identification may have been an oversight. He also testified that if "I had my druthers, and I probably think from 20-20 hindsight, I probably should have asked for a charge on identification."

We find no reversible error with respect to trial counsel's failure to request this charge. The Supreme Court of Georgia has stated that "[w]here the defense of alibi and the question of personal identity are virtually the same defense, the omission of the court to instruct separately on alibi is not error." (Citation and punctuation omitted.) *Moore v. State*, 239 Ga. 498 (1) (238 SE2d 49) (1977). See also *Brewton v. State*, 174 Ga. App. 109-110 (329 SE2d 270) (1985). We believe this reasoning applies as well when the omission is a charge on identity. The jury was instructed on the law concerning Lowe's primary defense, that of alibi, and the question of Lowe's identity and the defense of alibi were " 'essentially the same defense.' " Id. at 110. Under the reasoning of the Supreme Court in *Moore*, a separate charge on identification was not required, and we cannot conclude that its omission affected the jury's verdict.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 14, 2003.

*Robert D. Wilson*, for appellant.
*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney*, for appellee.