A04A0591. WYMAN v. THE STATE.
(598 SE2d 855)

JOHNSON, Presiding Judge.

James Wyman pled guilty to child molestation and aggravated child molestation, admitting that he touched, rubbed, fondled and licked his five-year-old daughter's "private parts." Wyman also pled guilty to aggravated sexual battery by penetrating the child's vagina with his finger, but he entered the plea under *North Carolina v. Alford*,[1] which allows a guilty plea despite a claim of innocence where there is strong evidence of guilt that negates the claim of innocence and provides a factual basis for the guilty plea.

Subsequently, Wyman filed a motion to withdraw his guilty pleas, which the trial court denied. Wyman appeals from that ruling, alleging the trial court erred in (1) failing to appoint new counsel, (2)

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

using information contained in a defense investigator's report, and (3) refusing to permit him to plead guilty to two counts of the indictment and not guilty to the third count. We find no error and affirm Wyman's convictions.

1. Wyman contends the trial court erred in failing to provide him with another appointed attorney when he expressed dissatisfaction with the attorney initially appointed to represent him. While Wyman asserted ineffective assistance of counsel at the hearing on his motion to withdraw his guilty pleas, Wyman's attorney did not testify at the hearing, and Wyman does not allege ineffective assistance of counsel on appeal. Wyman merely argues on appeal that the trial court had a duty to appoint a new attorney because Wyman "was not satisfied with the legal representation his appointed counsel was delivering." This enumeration of error lacks merit.

The record shows that during the guilty plea hearing, Wyman expressed dissatisfaction with his appointed attorney. Wyman specifically claimed that he had not had a "meaningful conversation" with his attorney in the past month. Wyman's attorney responded, noting that he had "spent a fair amount of time" talking to Wyman, investigated the case and followed a number of leads, and responded to Wyman's numerous letters. The trial court gave Wyman the choice of going forward with the negotiated plea or receiving a continuance to hire his own attorney. After Wyman informed the court that he could not afford to hire his own attorney, the trial court asked Wyman if he wanted to represent himself. Wyman refused the offer and elected to proceed with the plea negotiations.

It is well established that

> a criminal defendant does have a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. However, an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court.[2]

Here, Wyman failed to show that his counsel was ineffective, and he does not even raise a claim of ineffectiveness on appeal.[3] Where no showing of ineffectiveness is made, a trial court's refusal to appoint new counsel is not error.[4] In addition, where a defendant does not

---

[2] (Footnote omitted.) *Allsup v. State*, 250 Ga. App. 53, 56 (3) (550 SE2d 425) (2001).

[3] See *Taylor v. State*, 248 Ga. App. 715, 717 (5) (548 SE2d 414) (2001).

[4] See *Merritt v. State*, 222 Ga. App. 623, 624 (475 SE2d 684) (1996).

have a good reason for discharging his court-appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se.[5] Upon a thorough review of the record and transcripts in this case, we find that the trial court did not abuse its discretion in denying Wyman's request for a different public defender.[6]

2. Wyman argues that the trial court erred "by utilizing information contained in [his] personal investigative report." This assertion, however, provides no basis for reversal because Wyman waived any privilege he may have had in this report by not objecting to the trial court's use of the report and by pleading guilty to the charged offenses. "A knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown."[7]

Moreover, although Wyman claims that the use of the investigative report was not authorized, he does not claim that — absent this error — he would not have pled guilty but would have insisted on going to trial.[8] And, because the trial court accepted the negotiated plea, Wyman cannot show that his investigator's report harmed him by enhancing his sentence. Harm and error must be shown to warrant reversal.[9]

3. The record shows that Wyman's attorney and the state's attorney negotiated a plea agreement whereby Wyman would plead guilty to all three counts. Wyman contends the trial judge committed error by refusing to permit him to plead guilty to two counts of the indictment and not guilty to the third count. However, this assertion provides no basis for reversal because such judicial intervention would have violated the trial court's duty not to participate in the plea negotiation process.

The record shows that at the plea hearing Wyman initially balked at pleading guilty to the aggravated sexual battery charge, requesting that he be allowed to plead guilty to only the other two counts. The trial court responded, "Well, this is as to all three counts, so you've got to decide whether or not you're pleading guilty to all three counts or not. . . . I'm not going to get into plea negotiations. I was told we had a negotiated plea." The state then offered to permit Wyman to enter an *Alford* plea, to which Wyman stated, "Yes, sir, I believe that would be an appropriate plea for me."

The trial court did not err in refusing to participate in plea negotiations. Judicial participation in the plea negotiation process is

---

[5] See *Flantroy v. State*, 231 Ga. App. 744, 745 (2) (501 SE2d 10) (1998).

[6] See *Battle v. State*, 234 Ga. App. 143, 144 (2) (505 SE2d 573) (1998).

[7] (Footnote omitted.) *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002).

[8] See *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

[9] See *Gibson v. State*, 193 Ga. App. 450, 452 (388 SE2d 45) (1989).

prohibited in this state.[10] While the trial court may indicate whether it will concur with the agreement, that review is separate from the plea negotiation process itself.[11] Thus, the trial court was without authority to perform Wyman's requested action and accept a different plea than that negotiated by the attorneys in the case.[12] We note that the trial court did exercise its duty to determine whether a factual basis supported Wyman's guilty plea and whether the guilty plea was knowingly and voluntarily entered.[13] This enumeration of error lacks merit.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED APRIL 15, 2004.

*Richard O. Allen*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[10] *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999).

[11] Id.

[12] See generally *State v. Dawson*, 203 Ga. App. 854, 855 (1) (419 SE2d 30) (1992).

[13] See *Reason v. State*, 259 Ga. App. 599 (1) (578 SE2d 199) (2003).