A04A1121. SHARBER v. THE STATE.
(601 SE2d 732)

JOHNSON, Presiding Judge.

The question presented in this appeal from a conviction for conspiracy to manufacture methamphetamine is whether the trial court erred in ruling that a law enforcement officer could give hearsay testimony about a statement made to him by one of the conspirators

which incriminated the other conspirator. We hold that the court did err in allowing the testimony because the Supreme Court of Georgia has held that such a statement is not made during the pendency of the criminal project and is thus inadmissible.

Sonny Lamberth is a cattle rancher and fertilizer dealer who lives in Mitchell County. On the night of August 7, 2001, he was on his property talking with the county sheriff about recent thefts of one of his fertilizers, anhydrous ammonia, when a truck pulled into his driveway. As the truck lights shined on the sheriff's car, the driver of the truck stopped, backed out of the driveway, and drove away.

The sheriff immediately got into his car, followed the truck and stopped it. In the back of the truck he noticed a round tank that can be used to store anhydrous ammonia. The sheriff discovered that Solomon Sharber was driving the truck and Henry Freeman was riding in the passenger seat. He called on his radio for assistance, and a short time later other officers arrived at the scene.

The officers searched Sharber's truck and found sixteen packets of Allerfed antihistamine tablets, two walkie-talkie radios, and a night vision lens. Sharber and Freeman were arrested and taken to the sheriff's office, where they were separately questioned by an investigator. Sharber denied any wrongdoing, but Freeman allegedly made statements incriminating Sharber to the investigator.

Sharber and Freeman were jointly indicted for conspiracy to manufacture methamphetamine. Sharber was also indicted for possessing marijuana, driving under the influence of drugs and affixing a license plate to a vehicle with the intent to misrepresent the identity of that vehicle. The state decided not to prosecute Sharber on the marijuana, DUI and license plate charges due to insufficient evidence, and the trial judge entered an order of nolle prosequi on those charges. The conspiracy to manufacture methamphetamine charges against Sharber and Freeman proceeded to a jury trial.

At the start of the trial, Sharber argued a *Bruton*[1] motion, asking the court to prohibit the state from introducing testimony about the incriminating statements made by Freeman to the investigator on the ground that such evidence would violate his right to confront witnesses against him. The trial court instructed the state not to ask any *Bruton* questions without first addressing the court about those questions outside the jury's presence.

The trial commenced, with the state presenting the testimony of several witnesses. The court then excused the jury for a brief recess.

---

[1] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (incriminating statement of a nontestifying co-defendant is inadmissible because it violates defendant's right of confrontation).

At that point, the judge, apparently sua sponte, informed the parties that he was going to revisit the matter of the statements that both Sharber and Freeman had made to the investigator. The judge ruled that he would allow evidence of such statements because the declarations of co-conspirators are admissible. Sharber and Freeman objected, but the court maintained its ruling that the statements were admissible.

The state then called the investigator to the witness stand, and he testified before the jury about the statements. According to the investigator, Sharber denied any wrongdoing, claiming that at the time he was stopped he was not looking for anhydrous ammonia, but was looking for a drive shaft for a truck that someone had left for him in the area. Freeman, however, told the investigator that Sharber was looking for anhydrous ammonia and not for a drive shaft, that he knows Sharber makes methamphetamine, that he had used methamphetamine before, and that he had seen Sharber with methamphetamine.

After further testimony, the state rested. Sharber and Freeman elected not to testify or present any other defense evidence. The jury subsequently returned a verdict finding both Sharber and Freeman guilty of conspiracy to manufacture methamphetamine. Sharber appeals.

1. Sharber asserts that the trial court erred in ruling that the statement made by Freeman to the investigator was admissible as the declaration of a conspirator. The state has not addressed the merits of the assertion, but argues only that Sharber has not preserved this issue for appeal since his sole objection at trial was based on *Bruton*. But contrary to the state's argument, immediately after the trial court made its sua sponte ruling that Freeman's statement was admissible as the declaration of a conspirator, Sharber expressly objected to that ruling.

Furthermore, the reason why an objection may not be raised for the first time on appeal is that we are a court for the correction of errors of law committed in the trial court, and fairness demands that legal issues be raised in the trial court.[2] Here, the trial court obviously had the opportunity to consider the issue of whether or not Freeman's statement was the admissible declaration of a conspirator since the court itself raised and ruled on that issue. Accordingly, the issue raised by the trial court's ruling, and Sharber's objection thereto, has been preserved for appellate review.

2. "One firmly-rooted exception to the hearsay rule authorizes the admission of statements made by co-conspirators during the

---

[2] *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

course and in furtherance of the criminal project."[3] Under OCGA § 24-3-5, the declarations of a conspirator made during the pendency of the criminal project are admissible against any other conspirator after the fact of conspiracy is proved.[4] However, the Supreme Court of Georgia has held:

> [A] statement made to police by a conspirator, whether inculpatory or exculpatory as to the declarant, which statement incriminates the other conspirator as a party to the crime, also constitutes termination of the conspiracy. Thus, such statement by a conspirator is not made during the pendency of the criminal project and is not admissible under OCGA § 24-3-5.[5]

In the instant case, Freeman's statement to the sheriff's investigator incriminated Sharber and thus constituted a termination of the conspiracy. The statement therefore was not made during the pendency of the criminal project. Because it was not made in the course of the conspiracy, the incriminating statement was not admissible under the hearsay exception relied upon by the trial court.

Moreover, as the trial court initially ruled, evidence of the statement was also prohibited by *Bruton*,[6] under which:

> a defendant's Sixth Amendment right of confrontation is violated when: (a) co-defendants are tried jointly; (b) one co-defendant's statement is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement.[7]

Here, Sharber and Freeman were jointly tried, Freeman's statement was used to implicate Sharber in the crime, and Freeman did not take the stand to face cross-examination about the statement. Given those facts, the admission of the statement was a *Bruton* violation.

Having concluded that the trial court erroneously admitted the statement, we further hold that the error was not harmless. The

---

[3] (Citation omitted.) *Livingston v. State*, 268 Ga. 205, 210 (3) (486 SE2d 845) (1997).

[4] Id.

[5] (Punctuation omitted.) *Meadows v. State*, 264 Ga. App. 160, 166 (5) (590 SE2d 173) (2003), quoting *Crowder v. State*, 237 Ga. 141, 153 (227 SE2d 230) (1976).

[6] *Bruton v. United States*, supra.

[7] (Citation omitted.) *Meadows*, supra at 165 (5).

state's evidence against Sharber was entirely circumstantial. The only evidence directly identifying him as conspiring to manufacture methamphetamine was Freeman's improperly admitted statement. Under these circumstances, we conclude that there exists a high probability that the statement influenced the jury's verdict, and we therefore reverse the judgment of conviction against Sharber and remand the case for a new trial.[8]

*Judgment reversed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 24, 2004 —
RECONSIDERATION DENIED JULY 7, 2004.

*Ernie M. Sheffield*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.