## A04A1065. ROUNDTREE v. THE STATE.
(602 SE2d 890)

ADAMS, Judge.

Zibeon Roundtree was convicted of aggravated assault and possession of a firearm in the commission of a felony. He appeals following the denial of his motion for new trial.

Construed to support the verdict, the evidence at trial showed that in the early morning hours of July 30, 2000, Roundtree arrived uninvited at the home where Margo Stephens resided with her child and uncle. Roundtree and Stephens had a previous relationship and had a child together. Corey Durham was visiting Stephens when Roundtree arrived, and Stephens hid Durham in a closet when she heard Roundtree angrily knocking on her bedroom window and demanding entrance into the home. Stephens let Roundtree enter the house, and he proceeded to search the premises until he found Durham. Roundtree produced a gun from his pocket and began threatening Durham. Stephens and Durham started to leave but when Durham tried to walk away, Roundtree fired the gun at him, striking him in the back and severing his spine at or about the fourth thoracic vertebrae leaving Durham paralyzed from the chest down.

1. Roundtree first enumerates as error the trial court's finding that his trial counsel rendered effective assistance of counsel, listing several examples of what he contends was ineffective assistance.

> To establish a claim of ineffective assistance of counsel at trial, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. In evaluating an attorney's performance, judicial review is highly deferential with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. In considering prejudice, the defendant has the burden of showing a reasonable probability that without counsel's errors the jury would have had a reasonable doubt concerning guilt.

(Footnote omitted.) *Yi v. State,* 267 Ga. 171, 172 (475 SE2d 623) (1996).

Roundtree argues that it was ineffective for trial counsel not to call witnesses to testify about his relationship with Stephens, and

that counsel should have impeached Stephens' testimony concerning their relationship by using telephone or other records. But Roundtree has failed to show how evidence concerning his relationship with Stephens is relevant to the consideration of the charges against him, and we cannot discern how his defense would have been aided by calling witnesses who could testify about that relationship. "In the realm of specific decisions regarding trial strategy, and in particular decisions about which witnesses should be called to testify, defense attorneys are afforded wide discretion." *Simpson v. State*, 277 Ga. 356, 359 (4) (c) (589 SE2d 90) (2003). Moreover, Roundtree's assertion that he was somehow prejudiced by the failure to introduce this evidence "is nothing more than rampant speculation." *Byrd v. State*, 259 Ga. App. 15, 18 (2) (576 SE2d 35) (2002).

Roundtree also asserts that his trial counsel was ineffective because he failed to question witnesses to establish his defense of self-defense. However, the transcript belies this contention, and shows that trial counsel did cross-examine each of the witnesses who was present at the scene of the crime concerning whether Roundtree or Durham originally had possession of the gun, and whether the two men struggled prior to the shooting. Thus, "[t]he record reveals that [Roundtree's] attorney conducted an adequate cross-examination of these witnesses. The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." *Simpson v. State*, 277 Ga. at 359 (4) (b).

This enumeration is thus without merit.

2. Roundtree also challenges the sufficiency of the evidence, contending that the evidence did not establish his guilt beyond a reasonable doubt in light of his testimony that the shooting was during a struggle with the victim and was accidental.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses, including the State's witnesses, (are) a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Cita-

tions and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

*Gordian v. State*, 261 Ga. App. 75, 76 (1) (581 SE2d 616) (2003).

Both Stephens and Durham testified that Roundtree arrived angry, searched the house until he located the victim, threatened the victim and then shot the victim in the back while the victim was attempting to persuade Roundtree not to shoot him. The evidence in this case was sufficient for a rational trier of fact to find Roundtree guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. State*, 251 Ga. App. 578-579 (1) (554 SE2d 768) (2001). This enumeration is thus also without merit.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 2004.

*Rhonda Roell-Taylor*, for appellant.
*Howard Z. Simms, District Attorney, Elizabeth K. Bobbitt, Assistant District Attorney*, for appellee.