A04A2393. MONDRAGON v. THE STATE.
(607 SE2d 914)

BLACKBURN, Presiding Judge.

Following his conviction in a jury trial of three counts of aggravated assault[1] and the denial of his motion for new trial, Juan Mondragon appeals, arguing that the trial court erred in forcing him to proceed to trial without representation after he stated that he did not wish to be represented by his court-appointed counsel. For the reasons which follow, we affirm.

> An indigent defendant is entitled only to reasonably effective assistance of counsel, not counsel of his own choosing, and whether to grant a request to replace one court-appointed counsel with another falls within the trial court's sound discretion. As we have found, if the defendant does not have a good reason for discharging his court-appointed attorney, the trial court does not err in requiring him to choose between representation by that attorney and proceeding pro se. Furthermore, the functional equivalent of a knowing and voluntary waiver of appointed counsel results when a defendant uses trial counsel's removal and the request for new counsel as a dilatory tactic. In that situation, the trial court may conduct the trial with the defendant representing himself.

---

[9] *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

[1] OCGA § 16-5-21.

(Punctuation and footnotes omitted.) *Jackson v. State.*[2]

The record shows that, in the week before he was to go to trial, Mondragon sent a letter to the trial court in which he stated that he was disappointed with the attorney appointed to represent him and that he wanted a change of counsel. Four days prior to trial, the trial court conducted a hearing to allow Mondragon to express his concerns about his appointed counsel and to explain his reasons for requesting a change of counsel. Mondragon complained that appointed counsel had told him that he would lose if the case went to trial, and that counsel had called him stupid.

The court also made inquiries of appointed counsel concerning his preparation for the case. Appointed counsel informed the court that he was very prepared and that he did not know "that in the 13 or 1,400 cases, criminal cases, I've handled in this jurisdiction that I've ever had a client that I have given more attention to than Mr. Mondragon." After expressing its belief that appointed counsel was well qualified and would make every effort to represent and help him, the trial court asked Mondragon if he was willing to go forward with appointed counsel. Mondragon indicated that he was. The trial court then directed appointed counsel to remain on the case.

Upon the call of his case for trial, Mondragon informed the court that he did not wish to be represented by appointed counsel. At length, the trial court questioned Mondragon about his understanding of the advantages of being represented by skilled and experienced counsel and warned him of the dangers of self-representation. The court then gave Mondragon two options: to allow appointed counsel to represent him, or to represent himself. Mondragon elected to represent himself. Mondragon also moved for a continuance, which the court denied. Finally, the court instructed former appointed counsel to sit with Mondragon during the trial and assist him.

We find no error in the trial court's requiring Mondragon to represent himself at trial. Given Mondragon's reasons for requesting a change of counsel, "[t]he trial court was authorized to find that [Mondragon] had set forth no justifiable basis for relieving his appointed attorney and thus did not err in requiring him to choose between representation by that attorney and proceeding pro se." *Hickey v. State.*[3]

> Moreover, given the timing of [Mondragon's] renewed request to represent himself, the trial court could have concluded that the request was a dilatory tactic, which

---

[2] *Jackson v. State*, 252 Ga. App. 157, 158 (1) (555 SE2d 835) (2001).

[3] *Hickey v. State*, 259 Ga. App. 240, 243 (2) (a) (576 SE2d 628) (2003).

would be the functional equivalent of a knowing and voluntary waiver of appointed counsel. The record reveals that [Mondragon] knew of his right to counsel, that he understood that if he refused to proceed with the appointed attorney, he would go to trial without representation, and that he received ample warning about the dangers of self-representation. Under the circumstances of this case, [Mondragon] knowingly and intelligently waived his right to counsel.

(Footnote omitted.) Id. at 244 (2) (a).
    *Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED DECEMBER 6, 2004.

*Robert Greenwald*, for appellant.
*Daniel J. Porter, District Attorney, John A. Steakley, Assistant District Attorney*, for appellee.